# EXHIBIT M



Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

404 892 5005 main
404 892 5002 fax

July 2, 2024

**Charles N. Reese, Jr.**
Principal
creese@fr.com
404 724 2782  direct

<u>**VIA FEDEX**</u>

Mr. Bobak Talebian
Director
Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW
6th Floor
Washington, D.C. 20530

Re:   Appeal of FOIPA Request No. 1585159-000

Dear Mr. Talebian:

I am writing on behalf of Requester Bloomfield and Defending Rights & Dissent to appeal a determination in FOIPA Request No.: 1585159-000.

In response to this Request, on July 11, 2023, the FBI stated it was withholding documents subject to various exceptions, and Requester's appeal of that determination was subsequently denied. However, the FBI's July 11, 2023, letter also stated that some records responsive to the request would be released.  On April 4, 2024, the FBI changed its position, stating that it had reviewed 6 pages of material and is withholding it in its entirety pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E).

As to the Section (b)(7) exemptions, the statute exempts:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, … (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or



prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, …

A FOIA guide published in 2004 by the Department of Justice clarified that:

"Determining the applicability of this Exemption 7 subsection thus requires a two-step analysis focusing on (1) whether a law enforcement proceeding is pending or prospective, and (2) whether release of information about it could reasonably be expected to cause some articulable harm. The courts have held that the mere pendency of enforcement proceedings is an inadequate basis for the invocation of Exemption 7(A); the government must also establish that some distinct harm could reasonably be expected to result if the record or information requested were disclosed."

While there are pending law enforcement proceedings in Georgia, the FBI has not articulated any harm that would reasonably be expected to be caused by disclosure of the 6 pages of documents, which the FBI previously agreed to release.

Additionally, as to the Section (b)(6) exemption, the statute states:

Personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

To be subject to this exemption, the 6 pages must first constitute specifically "[p]ersonnel and medical files." Even if these documents fall into that narrow category of documents, the FBI has not provided any justification that disclosure of such documents would constitute a "clearly unwarranted invasion of personal privacy." Moreover, the FBI may simply be able to redact limited personal identifying information within those pages instead of withholding the documents in their entirety.

Rebecca Bloomfield and Defending Rights & Dissent thus appeal the determination made on April 4, 2024, to deny release of further records according to Exemptions 6 and 7. Reexamination of Defend the Atlanta Forest documents to determine whether certain documents could be released is respectfully requested.

Best Regards,

*Charles N. Reese, Jr.*

Charles N. Reese, Jr.
Fish & Richardson P.C.